UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT DANIEL BAILEY, JR., | § | |
|     Petitioner | § | |
| | § | |
| v. | § | CIVIL ACTION NO. C-10-368 |
| | § | |
| KEITH ROY, Warden | § | |
|     Respondent | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO DISMISS

Petitioner is in the custody of the federal Bureau of Prisons ("BOP") and currently is incarcerated at the Federal Correctional Institution ("FCI") in Three Rivers, Texas. Proceeding *pro se*, petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2241 on November 5, 2010. Petitioner claims that he is not receiving all the credit toward his federal sentence to which he is entitled. Petitioner also seeks a downward departure of his sentence pursuant to United States Sentencing Guideline § 5G1.3. Respondent filed a motion to dismiss on April 22, 2011 to which petitioner responded on May 20, 2011 (D.E. 18, 19). Following a telephonic hearing on August 5, 2011, respondent filed a supplemental affidavit in support of his motion on August 26, 2011, to which petitioner did not respond (D.E. 21).

### JURISDICTION

This court has federal question jurisdiction over this civil action filed pursuant to 28 U.S.C. § 2241because plaintiff was incarcerated at the Three Rivers FCI, located in the

Corpus Christi Division of the Southern District of Texas, at the time he filed his petition. Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (Section 2241 must be filed in the district of incarceration); 28 U.S.C. § 1331.  All parties consented to the jurisdiction of a United States Magistrate Judge (D.E. 7, 25), and Hon. Janis Graham Jack re-assigned the petition to undersigned to conduct all proceedings, including entry of final judgment (D.E. 27).  28 U.S.C. § 636(c).

## BACKGROUND

The following facts are taken from petitioner's application for habeas corpus relief (D.E. 1) and from the supplemental affidavit[1] in support of respondent's motion for summary judgment (D.E. 21).  On April 5, 2005 petitioner was arrested in Denton County, Texas and charged in state court with the following offenses: (1) Manufacturing/Delivery of a Controlled Substance; (2) Possession of a Dangerous Drug; (3) Possession of a Controlled Substance and (4) Unlawful Carrying of a Weapon.  He was released on bond the next day (Decl. of Kara Carr, D.E. 21-1, pp. 1-2 and Arrest Rec., D.E. 21-1, Att. 2, pp. 5-7).[2]

Petitioner was arrested in Dallas County on September 27, 2005 and charged with deadly conduct which later was changed to terroristic threat.  He was released on bond on

---

[1] The affidavit was provided by Kara Carr, who stated that she has worked for the BOP since 2001 and has more than five years experience doing sentence computations (Decl. of Kara Carr, D.E. 21-1, p. 1).

[2] The documents attached to Carr's declaration were filed under seal.

2

September 29, 2005 (Carr Decl., D.E. 21-1, p. 2 and Dallas Cty. Rec., D.E. 21-1, Att. 3). On October 15, 2005 petitioner was arrested on charges of terroristic threat, felony theft and harassment in Garland, Texas (Carr Decl., D.E. 21-1, p. 2, D.E. 21-1, Att. 4). On December 1, 2005 petitioner was sentenced in Dallas County for theft in Case Number F-0541570 and assessed a 10-year probated sentence (Carr Decl., D.E. 21-1, p. 2).[3] On December 5, 2005 petitioner was sentenced in Dallas County to a 180-day term for harassment in Case Number M0529077 with a start date of October 15, 2005 and credit for seven days of back time and 120 days of good conduct time (Id.) On the same day, petitioner was sentenced to a 150-day term for terroristic threat in Case Number M0529075 with a start date of October 15, 2005 and 100 days of good conduct time (Id.)

    The practical effect of the two sentences was that petitioner satisfied both of them on December 6, 2005. On that same day, petitioner was released to the custody of Denton County officials (Id.) On December 16, 2005 petitioner was released to the custody of the United States Marshals Service pursuant to a writ of habeas corpus ad prosequendum (Id., USMS Pris. Trckg. Sys., D.E. 21-1, Att. 5). On July 20, 2006 petitioner was convicted in the United States District Court in the Eastern District of Texas of one count of possession with intent to distribute or dispense methamphetamine and one count of using, carrying or possessing a firearm during, in relation to, or in

---

[3]Carr refers to Attachment 4, but her interpretation of the documents is not apparent from their faces. Nevertheless, petitioner did not cite any evidence to the contrary, so it is assumed that Carr is correct in her reading of the documents.

furtherance of a drug trafficking crime (Carr Decl., D.E. 21-1, p. 3; Jmt., D.E. 21, Att. 6). He was sentenced to a total of 120 months incarceration (Jmt., D.E. 21-1, Att. 6). The charges stemmed from the same conduct that was the basis of his April 2005 state court charges out of Denton County. On August 3, 2006 petitioner was returned to the custody of Denton County (Carr Decl., D.E. 21-1; USMS Pris. Trckg. Sys., D.E. 21-1, Att. 5).

On October 16, 2006 petitioner was convicted and sentenced on the Denton County charges. In Cause No. CR-2005-03998-D, petitioner was convicted of unlawful carrying of a weapon and was sentenced to 300 days incarceration, court costs and fees in the amount of $263, and $200 to reimburse Denton County for compensation paid to appointed counsel (Jmt, D.E. 21-1, Att. 7, Sealed Att. p. 61). It was noted on the judgment that the fines, court costs and attorney fees were "laid out." (Id.). It was further noted that defendant had spent 359 days in custody from the date of his arrest and confinement (Id.). According to Carr, "laid out" means that the costs and fees had not been paid and that although petitioner was sentenced to 300 days, the additional 59 days he spent in custody were in lieu of paying court costs and attorney fees (Carr Decl., D.E. 21-1).

In Cause No. 2005-03999-D, petitioner was convicted of possession of a controlled substance, penalty group 3, and sentenced to 300 days incarceration and court costs and fees in the amount of $263. He was not assessed attorney fees. The fines and court costs were "laid out" and it was noted that petitioner had spent 359 days in custody (Jmt., D.E. 21-1, Att. 7, Sealed Att. p. 62). In Cause No. 2005-04000-D, petitioner was

convicted of possession of a dangerous drug and sentenced to 300 days incarceration and court costs and fees in the amount of $263.  Once again, it was noted that the costs and fees were "laid out" and that petitioner had spent 359 days in custody (Jmt., D.E. 21-1, Att. 7, Sealed Att. p. 63).

Petitioner's federal sentence is calculated as beginning on October 16, 2006, but he argues that he is entitled to credit for all the time he spent in custody prior to the commencement of his sentence, or the 365-day period from October 16, 2005 through October 15, 2005, plus the one day he spent in custody from April 5, 2005 to April 6, 2005.  In the alternative, he seeks a downward departure of his federal sentence pursuant to U.S. SENTENCING GUIDELINES MANUAL § 5G1.3.  Respondent argues that petitioner is not entitled to the credit he seeks because that time was credited toward his state sentence.  In addition, respondent argues that to the extent petitioner seeks a downward departure or other adjustment of his sentence, he must file such a motion in the sentencing court.  Respondent concedes that petitioner exhausted his administrative remedies for the period of December 16, 2005 through October 15, 2006,[4] but argues that he did not seek credit for the one-day period of April 5, 2005 through April 6, 2005 (D.E. 18, p. 7).  Petitioner agrees that he did not exhaust his remedies regarding that one day.

---

[4]Rather than "October" 15, 2006 respondent stated that petitioner exhausted his remedies through the time period ending December 15, 2006 (D.E. 18, p. 7).  This is presumed to be a drafting error.

## APPLICABLE LAW

### A. Credit Toward Sentence

Petitioner seeks credit toward his federal sentence for all the time he spent in custody subsequent to his April 5, 2005 arrest. A district court is without authority to give an inmate credit for time already served or to otherwise administer his sentence. Rather, that authority lies with the United States Attorney General and is delegated to the BOP. United States v. Wilson, 503 U.S. 329, 335, 112 S.Ct. 1351, 1354-55, 117 L.Ed.2d 593 (1992); United States v. Pineyro, 112 F.3d 43, 45 (2nd Cir. 1997). Decisions of the BOP regarding sentence calculation are subject to judicial review under an abuse of discretion standard. Barden v. Keohane, 921 F.2d at 476, 478 (3rd Cir. 1990); McCarthy v. Doe, 146 F.3d 118, 123, n. 4 (2nd Cir. 1998).

> Regarding the calculation of a term of imprisonment:
>
> (a) Commencement of Sentence.–A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service at, the official detention facility at which the sentence is to be served.
>
> (b) A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585.

Petitioner does not dispute that he received credit toward his state sentences from April 5, 2005 to April 6, 2005 or from October 15, 2005 through October 15, 2006.

Rather, he argues that his state and federal sentences should have been served concurrently because they stemmed from the same conduct. However, his argument is foreclosed by the plain language of the statute. He is not entitled to credit toward his federal sentence for time spent in the custody of the United States Marshals if that time was credited toward another sentence, as it was here. Also, the time a state prisoner spends "on loan" to federal authorities pursuant to a writ of habeas corpus ad prosequendum does not serve to interrupt the state's custody over an inmate. United States v. Brown, 753 F.2d 455, 456 (5th Cir. 1985).

Moreover, the BOP contacted the sentencing judge and gave him the opportunity to recommend retroactively that petitioner's federal sentence run concurrently with his state sentence, but the judge declined to do so (Ltr. of Nov. 13, 2009, D.E. 21, Att. 11, p. 89; Ltr. of Dec. 2, 2009, D.E. 21, Att. 11, p. 88). Based on the sentencing court's recommendation, along with the facts underlying his state and federal convictions, the BOP denied petitioner's request to designate TDCJ-CID as a federal facility so that petitioner could received credit toward his federal sentence for the time he spent there (Grv. Resp., D.E. 18-1, p. 11). Petitioner has not shown that the decision was an abuse of discretion and accordingly, he is not entitled to the relief he seeks.

## C.  28 U.S.C. § 2255 Claim

To the extent petitioner seeks a downward departure on his federal sentence, a § 2255 motion provides the primary means of collateral attack on a federal sentence. Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000)(citing Cox v. Warden, Federal Detention

Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990)). Relief under § 2255 is warranted for errors cognizable on collateral review that occurred at or prior to sentencing. Id. A § 2255 motion must be filed in the sentencing court. Id. A § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion. Id. at 452. To the extent petitioner is challenging the validity of his federal sentence via § 2241, his claim is dismissed because this court does not have jurisdiction to hear it.

## CONCLUSION

For the reasons stated above, respondent's motion to dismiss (D.E. 18) is granted and petitioner's application for habeas corpus relief is dismissed with prejudice because he has failed to show that he is entitled to relief. To the extent petitioner seeks a downward departure of his original sentence, his cause of action is dismissed without prejudice so that petitioner may properly raise it in a § 2255 petition filed with the sentencing court.

ORDERED this 13th day of October, 2011.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE